# Exhibit A

FILED
1/19/2021 7:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
11890213

FILED DATE: 1/19/2021 7:45 PM 2021L000626

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### LAW DIVISION

Iymen H. Chehade,

    Plaintiff,

v.

Marie Newman, in her individual and
 official capacities,

    Defendant.

2021L000626

Jury Trial Requested

---

### Verified Complaint for Legal and Equitable Relief

The plaintiff, Iymen H. Chehade ("Plaintiff" or "Chehade"), by and through his attorneys, brings this action against the defendant, Marie Newman ("Defendant" or "Newman"), for breach of contract, and alleges as follows:

### Jurisdiction and Venue

1. This action is authorized and instituted pursuant to Illinois common law.

2. The parties entered into a contractual relationship in Cook County in the state of Illinois.

3. This Court has personal jurisdiction over Defendant because her principal place of residence is in La Grange, Illinois.

4. Cook County is an appropriate venue for this action because all parties are located there and the dealings described in this complaint occurred there.

FILED DATE: 1/19/2021 7:45 PM   2021L000626

## Introduction

5. Starting in March of 2018, Plaintiff Chehade explored the possibility of running for Congressional Representative in the Third District of Illinois for the November 2020 election.

6. Defendant Newman also planned to run for Congressional Representative in the Third District of Illinois for the 2020 election, having previously run and lost the primary election for that district in March of 2018.

7. Newman was conscious of the fact that there was a large Palestinian-American community in her district and that her chances of success in the Democratic primary would improve if she had significant support within that community.

8. In an effort to induce Chehade not to run against her in the primary, Newman offered Chehade employment as Foreign Policy Advisor and Legislative or District Director. In the summer of 2019 Newman also hired a Palestinian-American woman, Shadin Maali, as her Campaign Chairwoman.

9. Chehade accepted the offer and did not run against Newman in the primary.

10. On or about December 26, 2018, Newman and Chehade entered into an employment contract wherein Newman agreed to employ Chehade should she be elected as U.S. Representative to the Third Congressional District of Illinois. That contract is attached hereto and referenced herein as "the Agreement." Exhibit A.

FILED DATE: 1/19/2021 7:45 PM    2021L000626

11. Prior to the primary Chehade also played an informal role as advisor to Newman. In particular, he helped her craft her campaign policy statement on Israel/Palestine.

12. Newman promised that, should she be elected to office, she would employ Chehade as Chief Foreign Policy Advisor and either District Director or Legislative Director, with a start date of January 3, 2021 and continuing as long as Newman remains Representative.

13. The Agreement provided that Chehade would be compensated with a salary at "no less than between $135,000 and $140,000 per year."

14. The Agreement also afforded Chehade "complete discretion about the selection and employment termination of staff members under his supervision."

15. Newman won the primary on March 17, 2020. Shortly thereafter, Chehade congratulated Newman on her victory and reiterated his availability to work for her as agreed.

16. On or about June 11, 2019, Chehade met with Newman and confirmed that he remained willing and able to perform the services described in the Agreement.

17. In that same meeting, Newman informed Chehade that she did not intend to fulfill the terms of the employment contract.

18. Around the time of that meeting, Newman began making preparations for staffing her office but failed and refused to fulfill her promise to employ Chehade.

19. She has since claimed Chehade is "unsuited" for the role. Chehade was and is qualified for the position and remains exactly as suited for the role as he was when the parties signed the employment contract.

20. On November 3, 2020 Newman was elected as the Congressional Representative for the Third District of Illinois, triggering her duty to employ Chehade as Foreign Policy Advisor and either District Director or Legislative Director pursuant to the terms of the contract.

21. On or about January 3, 2021, Newman assumed office as Member of the U.S. House of Representatives from Illinois's Third District.

22. Newman continues to refuse to honor the terms of her contract with Chehade.

23. Chehade has suffered damages in the form of lost pay and opportunity.

FILED DATE: 1/19/2021 7:45 PM   2021L000626

<u>Count I: Breach of Contract</u>
<u>Against Marie Newman in her Individual and Official Capacities</u>

24. Plaintiff realleges paragraphs 1-23 as if fully restated here.

25. Plaintiff and Defendant signed the Agreement in December of 2018.

26. Plaintiff sought to perform his obligations under the Agreement but Defendant refused to hire him.

27. The Agreement required Defendant to employ Plaintiff as a Foreign Policy Advisor and either District Director or Legislative Director should Defendant be elected to office.

28. On or about January 3, 2021, Defendant began her role as Congressional Representative for the Third U.S. District of Illinois but refused and continues to refuse to employ Plaintiff, in direct contravention of the Agreement.

29. Defendant's actions constitute breach of contract.

30. Plaintiff suffered damages as a result of Defendant's breach in the form of lost pay and lost opportunity.

FILED DATE: 1/19/2021 7:45 PM    2021L000626

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that the judgment be entered in his favor and against Defendant for

a) specific performance of the employment contract between the parties;

b) injunctive relief;

c) damages for lost salary;

d) prejudgment interest;

e) litigation costs;

f) attorney's fees; and

g) any other award this Court or the trier of fact deems just and fair.

FILED
1/19/2021 7:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L000626

## JURY DEMAND

Plaintiff requests trial by jury.

Respectfully Submitted,

/s/ Rima Kapitan
One of Plaintiff's Attorneys

Rima Kapitan
Firm No. 47238
Kapitan Law Office
P.O. Box 6779
Chicago, Illinois 60680
rima@kapitanlaw.net
312-566-9590
Fax: 312-566-9591

FILED DATE: 1/19/2021 7:45 PM   2021L000626

## Verification

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Iymen Chehade

1/18/2021
_____
Date

FILED
1/19/2021 7:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L000626

FILED
1/19/2021 7:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L000626

FILED DATE: 1/19/2021 7:45 PM   2021L000626

# Exhibit A

FILED DATE: 1/19/2021 7:45 PM   2021L000626

# EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT ("the Agreement") is entered into between Iymen Hamman Chehade ("Chehade") and Marie Newman ("Newman"). Chehade and Newman are jointly referenced herein as "the Parties."

In consideration of the mutual promises and compensation provided herein, the parties agree as follows:

1.   EMPLOYMENT AND TERM

    a. In the event that Newman is elected as U.S. Representative to the Third Congressional District of Illinois ("Representative") for the congressional term beginning in January of 2021, Newman agrees to employ Chehade to the following combined position:

        i. Chief Foreign Policy Advisor (entails advising on all aspects of foreign policy, cooperating with the staff of other congressional representatives in order to achieve foreign policy goals, and coordinating fact-finding delegations to the Middle East); AND

        ii. Either District Director OR Legislative Director, at Chehade's election within 10 calendar days of being informed of Newman's election to office.

    b. This Agreement shall be for a term commencing on January 3, 2021 and shall continue for as long as Newman remains Representative. The Agreement shall be automatically renewed each time Newman begins a new term except as otherwise specified in this Agreement.

        i. Should Chehade elect to terminate the Agreement for reason other than a material breach by Newman, he must provide Newman with at least sixty (60) days' written notice of the termination.

        ii. Either party may terminate the Agreement should the other party materially breach the Agreement. For example, Newman may terminate the Agreement if Chehade substantially neglects his job responsibilities. If a material breach is alleged, the other party must be promptly notified of the alleged breach in writing and provided a meaningful opportunity to cure the breach or respond to the allegation.

2.   DUTIES

    a. Scope: Chehade's job duties will be as described in this Agreement and as reflected in the attached job descriptions, which are also incorporated into this Agreement. To the extent that there is a conflict between the job descriptions and this Agreement, the Agreement governs. Should the parties seek to change those

-1-

FILED DATE: 1/19/2021 7:45 PM  2021L000626

job duties they must agree in writing, in which case any such revisions will be deemed incorporated into this Agreement. Chehade and Newman agree to abide by all applicable federal employment and other policies and regulations.

b. Other conditions of employment

    i.    Chehade shall devote a minimum of 40 hours per week to his duties under this Agreement. Chehade understands that because of the nature of the position, he will sometimes need to work long or irregular hours in order to complete all his job duties. Chehade is responsible for both positions but this does not mean he will have to work double hours.

    ii.    Should Chehade's job duties require him to reside outside of the district, Chehade is permitted to travel to Chicago one day per week to perform teaching duties. As long as Chehade is otherwise reasonably available during business hours for consultation with Newman and supervision of staff, he need not maintain specific hours at the office. Newman will reimburse Iymen for his travel to Chicago to the extent permitted by law and congressional regulations.

    iii.    Newman will hire appropriate congressional staff as determined by the needs of the office and the limitations of the budget. Because of the dual nature of the role, Newman may hire one fewer legislative or district staff members to work under Chehade. Chehade will have complete discretion about the selection and employment termination of staff members under his supervision, except that the total salary budget for staff working under Chehade must be approved by Newman or her designee. Staff members working under Chehade's supervision will be subject to standard office policies and entitled to standard benefits and terms of employment unless otherwise agreed.

    iv.    Newman will use her best efforts to provide Chehade a private office within the congressional suite. If that is not possible given space limitations, she will assign Chehade an office shared by one other person maximum.

3.   COMPENSATION AND BENEFITS

    a.  Compensation. Newman shall pay Chehade a salary of no less than between $135,000 and $140,000 per year, less applicable required taxes and withholdings. This salary shall be paid pursuant to standard office payroll policies, but no less frequently than monthly. Starting in Chehade's second year of employment, Newman will provide Chehade cost-of-living and merit raises pursuant to standard office policies.

FILED DATE: 1/19/2021 7:45 PM   2021L000626

b. <u>Materials and Expenses.</u> Newman shall reimburse Chehade for all supplies and expenses allowable by government regulations and pursuant to the standard government policies.

c. <u>Other Benefits.</u>

    i.   Vacation

        A.  Chehade will be entitled to either of the following options for vacation time, whichever is longer in duration: a) the standard or average vacation time afforded to congressional staffers <u>or</u> b) no less than three weeks' vacation for the first two years and four weeks' vacation for subsequent years. These vacation days are in addition to official federal holidays and days on which Newman's entire office is closed. Chehade may elect to take two half-days off in lieu of one vacation day.

        B.  Chehade will inform Newman or her designee of major planned vacations in advance to allow for planning. Although Chehade will have discretion about when to take vacation days, he will endeavor to avoid taking vacation during particularly busy times of year when notified in advance.

        C.  Unused vacation days may be carried over to the extent permitted by congressional regulations. When they are not carried over, unused vacation days will be paid as salary, to the extent permitted by congressional regulations.

    ii.  Chehade will be entitled to all benefits normally provided to congressional staff members (including health, retirement, and insurance benefits) as well as benefits provided to the full-time staff working in Newman's office. Nothing herein is intended to supplant or waive Chehade's rights under the Congressional Accountability Act ("the Act") or other employment laws. To the extent that the Act entitles Chehade to benefits that are greater than those provided under this contract or under Newman's generally applicable employment policies, the Act governs.

4.    <u>NOTICES</u>

Notices provided under this Agreement must be made in writing. At minimum, notices must be provided electronically to the email address typically used for communication between the parties.

5.    <u>REPRESENTATION AND WARRANTIES</u>

a.  This Agreement supersedes all other previous agreements and understandings between the Parties with respect to the subject matter of this Agreement. Any

FILED DATE: 1/19/2021 7:45 PM   2021L000626

amendments to this Agreement shall be made and agreed upon in writing. Scanned copies will be deemed equally enforceable as originals.

b. The parties to this Agreement acknowledge that they are not making other have not been induced to enter into this Agreement by any representation or statements, oral or written, not expressly contained herein or expressly incorporated by reference.

6. BREACH AND GOVERNING LAW

a. The prevailing party in any action to enforce a material breach of this agreement this Agreement is entitled to all reasonable fees and expenses s/he incurs as a result of the breach.

b. This Agreement shall be construed under the laws of the State of Illinois.

7. ENFORCEABILITY

In case any one or more of the sentences and provisions contained in this Agreement shall be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

8. ENTIRE AGREEMENT

This Agreement supersedes all other previous agreements and understandings between the Parties with respect to the subject matter of this Agreement. Any amendments to this Agreement shall be made and agreed upon in writing. Scanned copies will be deemed equally enforceable as originals.

IN WITNESS WHEREOF, the Parties have executed this EMPLOYMENT AGREEMENT as of the later date signed below.

IYMEN HAMMAN CHEHADE

By: _____

DATE: _____12/26/2018_____

MARIE NEWMAN

_____

DATE: ___12/26/2018___

-4-