IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**Iymen Chehade,**

    Plaintiff,

  v.

**Marie Newman, in her individual and official capacities,**

    Defendant.

Case No. 21-cv-1036

**Honorable Jorge L. Alonso**

### Plaintiff's Opposition to Defendant's Motion to Hold Case in Abeyance

The plaintiff, Iymen Chehade ("Plaintiff"), respectfully submits the following memorandum in opposition to the defendant Congresswoman Marie Newman's ("Defendant's") Motion to Hold Case in Abeyance:

I.    Legal Standard

Postponement of the exercise of jurisdiction "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

As Defendant points out, stays are sometimes appropriate in order to avoid "parallel proceedings." Dkt. 11 p. 3 (citing *Charles v. Bank of Am., N.A.*, No. 11 CV 8217, 2012 WL 6093903, at *6 (N.D. Ill. Dec. 5, 2012)). Cases are considered parallel if "substantially the same parties are litigating substantially the same issues

1

simultaneously in two fora." *TruServ Corp. v. Flegles, Inc.,* 419 F.3d 584, 592 (7th Cir.2005) (internal citations removed).

Even if cases are found to be parallel, however, courts still "balance the considerations that weigh in favor of, and against, abstention, bearing in mind the exceptional nature of the measure." *Id.* at 591–92 (7th Cir. 2005) (internal citation removed). In balancing those interests, courts consider the following factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011).

II. Argument

Here, Plaintiff contests the same employment action in both proceedings, but the legal issues are wholly distinct. The allegations in this case are straightforward; Defendant signed a contract promising to employ Plaintiff in specific roles and did not. Dkt. 1-1. Plaintiff has no pending breach of contract claim in any other forum, and the elements Plaintiff must prove in his OCWR case are different. It is therefore not the case that the parties are litigating substantially the same issues in both fora.

Moreover, the balance of interests of the parties weighs in favor of Plaintiff here, especially in light of the general disfavor of abstentions cited *supra*.

The main reason Plaintiff opposes abeyance is that it will likely result in significant delay. The hearing for Plaintiff's claim before the Office of Congressional Workplace Rights ("OCWR") is currently set for June 1, 2021, although the hearing can be delayed up to 60 days due to mediation or other reasons. 2 U.S.C. §§ 1403(c), 1405(d)(2). The hearing officer then has up to 90 days to issue a decision. *Id.* § 1405(g). The non-prevailing party has the right to appeal the decision to the Board of Directors of the Office of Compliance, which may affirm, reverse, or remand the decision. *Id.* § 1406. The decision of the Board can then be appealed to the United States Court of Appeals for the Federal Circuit. *Id.* § 1407.

If this case were to be held in abeyance, Plaintiff would have to wait at least months from now but possibly well over a year from now to start from scratch with the breach of contract claim he filed in January of 2021. By the time the stay is lifted, Representative Newman's two-year term may be over or nearly over, and the specific performance Plaintiff seeks as a remedy effectively moot.

These concerns outweigh Defendant's interest in delaying litigation. Although she cites to general "[c]onsiderations of judicial economy and the avoidance of unnecessary burdens on litigants," she identifies no specific reason that litigating both matters would be burdensome for her. Dkt. 11 p. 4. Since the two matters stem from distinct legal violations, her litigation burden is similar to that of any defendant faced with two different legal claims. In fact, the overlap in factual background between the two cases should serve to expedite discovery in the federal case, which is likely to occur well after discovery in the OCWR case is complete.

Accordingly, Plaintiff respectfully requests that this Court deny Defendant's motion to hold this case in abeyance pending the resolution of Plaintiff's OCWR claim.

Respectfully submitted,

By: /s/ Rima Kapitan
Rima N. Kapitan
One of Plaintiff's Attorneys

Rima N. Kapitan
Atty. No. 6286541
Kapitan Law Office
P.O. Box 6779
Chicago, Illinois 60680
rima@kapitanlaw.net
Ph: 312-566-9590
Fax: 312-566-9591

CERTIFICATE OF SERVICE

I certify that I filed the foregoing memorandum electronically on March 16, 2021, which constitutes service on counsel for Defendant, who are registered participants in the CM/ECF system.

/s/ Rima Kapitan

4