IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IYMEN H. CHEHADE,<br><br>*Plaintiff,*<br><br>v.<br><br>MARIE NEWMAN, in her individual and official capacities,<br><br>*Defendant.* | Case No. 1:21-cv-1036 |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO HOLD CASE IN ABEYANCE**

Plaintiff's opposition to the motion to hold this case in abeyance severely understates the similarities between the proceedings in this Court and those before the Office of Congressional Workplace Rights ("OCWR"). In addition to relating to "the same employment action," Pl.'s Opp'n at 2 (ECF No. 14), both proceedings arise out of the same nucleus of operative facts and seek identical relief: specific performance in the form of a job with the Congresswoman's office and money damages. *See* Def.'s Mot. at 2 (ECF No. 11).

Accordingly, all three factors this Court must balance—"(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court[,]" Pl.'s Opp'n at 2 (citing *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011)—heavily favor granting the Congresswoman's motion to hold this case in abeyance.

## ARGUMENT

**1.** As an initial matter, Plaintiff's sole argument that the two proceedings are not "parallel" is that "the legal issues are wholly distinct." *Id.* However, Plaintiff provides no citation or other legal support for that being the proper distinction or the applicable standard. To the contrary, courts in this Circuit have held that "[r]esolving whether the suits share the same central issues focuses on the likelihood that the [other] litigation will dispose of all claims presented in the federal case." *Owners Ins. Co. v. Matson*, No. 18-CV-403, 2019 WL 6841360, at *3 (S.D. Ill. Dec. 16, 2019) (citing *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005)); *see also Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701-02 (7th Cir. 1992); *Day v. Union Mines Inc.*, 862 F.2d 652, 656 (7th Cir. 1988).

Here, the OCWR proceedings could potentially dispose of the claims presented in this case. For example, OCWR could grant all of the relief sought by awarding Plaintiff the employment with the Congresswoman's office that he seeks, as well as finding that he is entitled to salary and benefits retroactive to the beginning of the 117th Congress. Such an award would moot the breach of contract claims brought here because there would be no further relief that the Court could grant that Plaintiff would not have already obtained. That simple fact alone militates in favor of holding this case in abeyance pending the outcome of the OCWR proceedings. Similarly, a partial victory in the OCWR proceedings could substantially narrow the issues to be litigated in this action.

**2.** Each of the three factors this Court is required to balance clearly favors holding this matter in abeyance. *First*, as noted in the Congresswoman's motion, there is no prejudice to the Plaintiff. *See* Def.'s Mot. at 4. To date, there have been no proceedings before this Court. Briefing on Defendant's anticipated motion to dismiss has not begun and, in any event, is not

scheduled to be completed until early May.  *See id*; *see also* Minute Entry (ECF No. 9) (setting joint briefing schedule).  Plaintiff already has a tentative hearing scheduled before OCWR for June 1, 2021, *see* Pl.'s Opp'n at 3, and even if delayed by meditation between the parties (which also has the potential to resolve this dispute), it is still likely to be concluded before this Court issues an opinion on any motion to dismiss.  Simply put, the OCWR proceedings are on a faster track and will likely conclude before Plaintiff could obtain any relief from this suit.

Furthermore, the delay Plaintiff cites as prejudicial is entirely of his own making.  Under the Congressional Accountability Act, Plaintiff had the option of electing to pursue an administrative claim with OCWR or filing suit in federal district court.  *See* 2 U.S.C. § 1401(b)(1) ("[A] covered employee who … has not submitted a request for a hearing on the claim pursuant to section 1405(a) of this title may … file a civil action in a District Court of the United States ….").  On March 1, 2021—the date Plaintiff elected to pursue the OCWR process, *see* Def.'s Mot. at 4—this matter had already been properly removed to this Court.  *See* Notice of Removal filed February 23, 2021 (ECF No. 1).  Accordingly, Plaintiff could have elected to file an amended complaint in this Court adding additional claims, including the very claim he is pursing before the OCWR.  *See* 2 U.S.C. § 1408(a) ("The district courts of the United States shall have jurisdiction over any civil action commenced under section 1401 of this title and this section by a covered employee.").  But instead, Plaintiff affirmatively chose to pursue parallel proceedings in separate forums.  Such a choice cannot be a basis to find undue prejudice.

*Second*, because Plaintiff's claims in both proceedings arise from the alleged failure of the Congresswoman to offer congressional employment to him at the start of the 117th Congress, any administrative findings of fact by OCWR would likely be highly relevant, at a minimum, to this Court in simplifying the issues and streamlining resolution of the related contractual dispute.

As Plaintiff also notes, OCWR conclusions are appealable to the Federal Circuit, *see* Pl.'s Opp'n at 3 (citing 2 U.S.C. § 1407), which means that another federal court may also have the opportunity to adjudicate these related issues, only further increasing the possibility that the issues before this Court could be simplified and streamlined through the OCWR process. Thus, this second factor favors granting the Congresswoman's motion to hold this matter in abeyance pending completion of the OCWR proceedings.

*Third*, granting the Congresswoman's motion will greatly reduce the litigation burdens on the parties and the Court. This is particularly true for Congresswoman Newman. As the D.C. Circuit has noted, "service in the United States Congress is not a job like any other, it is a constitutional role to be played upon a constitutional stage." *United States v. Rostenkowski*, 59 F.3d 1291, 1312 (D.C. Cir. 1995). Having to defend in two distinct forums while also serving as a Member of Congress imposes a significant burden on the Congresswoman and one that can easily be avoided by holding this case in abeyance. Further, the accelerated pace of discovery and other proceedings before the OCWR means the parties will have less time to devote to briefing matters before this Court. And, as previously mentioned, given the substantial possibility that the OCWR administrative process narrows the scope of the issues and possibly even obviates the need to continue with this case, it is clear that considerations of judicial economy and the avoidance of unnecessary burdens on litigants favor granting the Congresswoman's motion to hold this case in abeyance. *See* Fed. R. Civ. P. 1.

**3.** Finally, Plaintiff's concern that any delay caused by granting the Congresswoman's motion would render his claim for specific performance relief moot, *see* Pl.'s Opp'n at 3, is unfounded. It is well-established that as a matter of law Plaintiff is not entitled to specific performance on his breach of contract claim. *See F.D.I.C. v. Gravee*, No. 94 C 4589, 1996 WL

4

494251, at *5 (N.D. Ill. Aug. 27, 1996) (quoting *Sharp v. Weinberger*, 798 F.2d 1521 (D.C. Cir. 1986) (Scalia, J.)) ("The sole remedy for an alleged breach of contract by the federal government is a claim for money damages …."). Plaintiff's claim for specific performance in a contract claim against a federal official such as Congresswoman Newman is barred by the doctrine of sovereign immunity. *See Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989) (citing *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 688 (1949)) ("[A]n action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to governmental privilege of immunity.").

The only potentially applicable waiver of sovereign immunity, the Tucker Act, 28 U.S.C. § 1491, is of no help to Plaintiff. The Tucker Act vests jurisdiction for contract claims against the federal government exceeding $10,000 exclusively in the Court of Federal Claims and "impliedly forbids" the very specific performance remedy Plaintiff seeks. *See, e.g.*, *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1082 (10th Cir. 2006) ("[T]he Tucker and Little Tucker Acts 'impliedly forbid' federal courts from ordering declaratory or injunctive relief, at least in the form of specific performance, for contract claims against the government[.]" (footnote omitted)); *see also United States v. Jones*, 131 U.S. 1, 19 (1889) (holding Tucker Act does not authorize relief other than money damages for contract claims).

Accordingly, there is no prejudice to the Plaintiff because his only avenue for specific performance relief rests before the OCWR—a forum that will likely adjudicate his dispute before he could receive any relief in this suit—and any award of money damages provided by that forum potentially limits or moots his claims for money damages here.

5

## CONCLUSION

For all of the above reasons, Congresswoman Newman's motion to hold this case in abeyance should be granted.

Respectfully submitted,

*/s/ Douglas N. Letter*

| | |
|---|---|
| ED MULLEN | DOUGLAS N. LETTER (D.C. Bar No. 253492) |
| MULLEN LAW FIRM AT THE | *General Counsel* |
| WESTSIDE JUSTICE CENTER | TODD B. TATELMAN (VA Bar No. 66008) |
| 601 S. California Avenue | *Principal Deputy General Counsel* |
| Chicago, IL 60612 | SARAH CLOUSE (MA Bar No. 688187) |
| (312) 508-9433 | *Associate General Counsel* |
| ed_mullen@mac.com | BROOKS M. HANNER (D.C. Bar No. 1005346) |
| (ARDC #6286924) | *Associate General Counsel* |

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
douglas.letter@mail.house.gov

*Counsel for Defendant Marie Newman*

March 17, 2021

## CERTIFICATE OF SERVICE

  I hereby certify that on March 17, 2021, I caused the foregoing document to be filed via the CM/ECF system for the U.S. District Court for Northern District of Illinois, which I understand caused service on all registered parties.

                */s/ Douglas N. Letter*
                DOUGLAS N. LETTER