## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IYMEN H. CHEHADE,<br><br>         *Plaintiff,*<br><br>v.<br><br>MARIE NEWMAN, in her individual and official capacities,<br><br>         *Defendant.* | Case No. 1:21-cv-1036 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO FILE SURREPLY

  Defendant Congresswoman Marie Newman's Motion to Dismiss was fully briefed when Ms. Newman filed her reply brief on May 10, 2021 pursuant to the briefing schedule negotiated by the parties and ordered by the Court (ECF No. 9). More than two weeks later, Plaintiff Iymen Chehade filed a motion for leave to file a surreply, ECF No. 23, a motion which is disfavored. *See Belcastro v. United Airlines, Inc.*, 2019 U.S. Dist. LEXIS 65847, *42 (N.D. Ill. April 17, 2019) (motion to file surreply is disfavored). As discussed more fully below, the Court should exercise its discretion to deny Mr. Chehade's motion because it is unjustified and futile.

  *First*, Mr. Chehade has had ample opportunity to brief his arguments in opposition to Ms. Newman's Motion to Dismiss. The primary basis for Mr. Chehade's motion for leave to file a surreply is that, "[n]either party has explored whether or not [Ms. Newman] can therefore be held personally liable even assuming she lacks authority and even assuming government employees must necessarily be paid by government funds." *See* Mot. at 2. This statement, however, is simply false.

Section III of Ms. Newman's opening Memorandum of Law filed in support of her Motion to Dismiss (with the heading "THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MARIE NEWMAN IN HER INDIVIDUAL CAPACITY") made three distinct arguments regarding Mr. Chehade's failure to state a claim against Ms. Newman in her individual capacity: (1) the employment agreement was void *ab initio* because Ms. Newman in her personal capacity did not have legal authority to enter into an employment agreement for Mr. Chehade to be hired in her Congressional office; (2) the employment agreement is void *ab initio* because it violates public policy; and, (3) Ms. Newman cannot be held liable for breach of the employment agreement in her individual capacity because the contract terms could not be fulfilled by her in her individual capacity. *See* ECF No. 18. Mr. Chehade had full opportunity to respond to these arguments in his opposition memorandum and to make any argument that Ms. Newman may be held liable for breach of the employment agreement in her individual capacity. Indeed, Mr. Chehade attempted to do so in Section III.B. of his opposition brief, ECF No. 20, an attempt which he has apparently come to believe is insufficient.

There are no new arguments raised in Ms. Newman's reply to justify the need for a surreply–she has argued from the outset that she cannot be held liable for breach of the employment agreement in her individual capacity. *See Destiny Health, Inc. v. Conn. Gen Life Ins. Co.*, 741 F. Supp. 2d 901, 911 (N.D. Ill. 2010) (denying motion to file surreply when issues had already been fully briefed). Mr. Chehade was in no way "sandbagged" by new arguments made in reply, *see Franek v. Walmart Stores, Inc.*, 2009 WL 674269, *19, n.14 (N.D. Ill., Mar. 13, 2009),rather, Mr. Chehade belatedly seeks to rewrite his opposition brief.

*Second*, the arguments Mr. Chehade seeks to raise in his surreply are futile. Mr. Chehade argued in his opposition brief that Ms. Newman could be held personally liable for breach of the

2

employment agreement because she could pay Mr. Chehade's Congressional salary with her personal funds. *See* ECF No. 20. Ms. Newman responded by noting that (i) the terms of the alleged employment contract, for which specific performance is sought, require far more than simply salary (*e.g.*, health, retirement, and other employment benefits, as well as other statutory rights) and (ii) the statutory scheme for Congressional employees necessitates a specific employment relationship with the federal government that would be lacking under Mr. Chehade's personal payment theory. *See* ECF No. 21. Now, Mr. Chehade seeks to raise two completely new arguments based on a theory of principal (the federal government) and agent (Ms. Newman in her individual capacity). There is no allegation in the Complaint that Ms. Newman was acting as an agent of the federal government when she signed the employment agreement, nor could there be because the agreement itself acknowledges that Ms. Newman had not yet been elected. *See* Compl. ¶¶ 20, 21. Mr. Chehade's acknowledgement that Ms. Newman signed the agreement in her individual capacity is directly contrary to his assertion that she was acting as an agent of the federal government. Therefore, the theories raised by Mr. Chehade based on the law of principal and agent are completely inapplicable here.

  Moreover, Mr. Chehade had an obligation to understand the scope of Ms. Newman's authority when he entered into the agreement for Congressional employment. *See Melvin v. State*, 41 Ill. Ct. Cl. 88, 99-100 (1989) (citing *Midwest Truck & Sales v. State*, 33 Ill. Ct. Cl. 82 (1979)) (a party contracting with a public entity is presumed to know the limitations of the public entity to contract and further has the obligation to ascertain the actual authority of the person entering the contract). All of the facts that make the employment agreement unenforceable were known or available to Mr. Chehade at the time he signed the employment agreement. He knew that Ms. Newman had not yet been elected, and he also agreed to "abide by all applicable federal

3

employment and other policies and regulations," which do not allow Ms. Newman as a Member of Congress to enter into agreements like the one Mr. Chehade now seeks to have imposed by court order. This is not a case of an agent signing an agreement on behalf of an undisclosed principal or an agent acting outside the scope of her authority; it is simply a case of two people who in good faith mistakenly signed an agreement that is not legally enforceable.

Mr. Chehade's belated motion for leave to file a surreply should be denied because the surreply is nothing more than an attempt to raise new arguments that have no relevance or applicability. The Court should grant Ms. Newman's Motion to Dismiss based on the arguments already fully briefed by the parties.

Respectfully submitted,

| | |
|---|---|
| */s/ Ed Mullen* | DOUGLAS N. LETTER (D.C. Bar No. 253492) |
| ED MULLEN | *General Counsel* |
| MULLEN LAW FIRM AT THE | TODD B. TATELMAN (VA Bar No. 66008) |
| WESTSIDE JUSTICE CENTER | *Principal Deputy General Counsel* |
| 601 S. California Avenue | SARAH CLOUSE (MA Bar No. 688187) |
| Chicago, IL 60612 | *Associate General Counsel* |
| (312) 508-9433 | BROOKS M. HANNER (D.C. Bar No. 1005346) |
| ed_mullen@mac.com | *Associate General Counsel* |
| (ARDC #6286924) | |
| | OFFICE OF GENERAL COUNSEL |
| | U.S. HOUSE OF REPRESENTATIVES |
| | 5140 O'Neill House Office Building |
| | Washington, D.C. 20515 |
| | (202) 225-9700 (telephone) |
| | (202) 226-1360 (facsimile) |
| | douglas.letter@mail.house.gov |
| | |
| | *Counsel for Defendant Marie Newman* |

June 1, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I caused the foregoing Defendant's Opposition to Plaintiff's Motion for Leave to File Surreply to be filed and served through the CM/ECF system of the United States District Court for the Northern District of Illinois.

/s/ *Ed Mullen*
Ed Mullen
